UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA

      -against-

TIFFANY DAYS,

      Defendant.

------------------------------------------------------------x

19 CR 619-01 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/1/2022

DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION PURSUANT TO 18 U.S.C. § 3742(e)

McMahon, J.:

On July 27, 2020, Tiffany Days pleaded guilty to conspiracy to distribute cocaine, MDMA and Fentanyl. On April 29, 2021, Days was sentenced to a term of sixty months imprisonment, and four years supervised release. Days is currently serving her sentence at Alderson Federal Prison Camp—her current release date is November 16, 2023.

In or about October 13, 2022, Days filed papers with the court entitled "Motion for Reconsideration 18 U.S.C. 3742(e)[1] Post Sentencing Rehabilitation Programming." In support of her motion, Days cites *Pepper v. United States*, 562 U.S. 476 (2011). In *Pepper*, the Supreme Court held that post-sentencing rehabilitation evidence can be considered by the District Court to support a downward variance from the Federal Sentencing Guidelines "when a defendant's sentence has been set aside on appeal." *Id* at 481. Thus, § 3742 deals with review of a sentence

---

[1] While the Defendant cites 18 U.S.C. §3742(e), this section deals with Court of Appeals consideration of sentencing on appeal. Given the request that the Defendant is making, the Court will consider 18 U.S.C. §3742(f) to be guiding this request instead as it deals with resentencing at the District Court level.

Copies mailed/faxed/handed to counsel on 11/1/2022

after an appeal by the defendant or the Government and the District Court does not enter into this process unless the Court of Appeals remands for resentencing. Given that there has been no appeal of the sentence by either the defendant or the Government in this case, and the Second Circuit has not remanded for resentencing, there is no authority for the Court to reduce Days' sentence pursuant § 3742, based on post-conviction rehabilitation.

Ms. Days received the statutory mandatory minimum sentence—the lowest sentence available for her crime of conviction. While there is authority for setting aside a mandatory minimum sentence on a motion for compassionate release, *United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022) ("We now explicitly hold that a mandatory minimum sentence does not preclude a district court from reducing a term of imprisonment on a motion for compassionate release."), there is no authority that allows the Court to reduce a sentence below the statutory mandatory minimum set by Congress for any other reason.

Defendant's motion for reconsideration is denied.

November 1, 2022

_____
United States District Court Judge

FILED ON ECF AND FIRST-CLASS MAIL TO:

Tiffany Days Reg. No. 76333-054
Alderson Federal Prison Camp
A-2 P.O. Box A
Alderson West Virginia 24910